# EXHIBIT 1



# COMMONWEALTH of VIRGINIA

POST OFFICE BOX 2452

### *Secretary of the Commonwealth*

RICHMOND, VIRGINIA 23218-2452

## NOTICE OF SERVICE OF PROCESS

LVNV Funding LLC
55 Beattie Place
Suite 110
Greenville, SC 29601-5115
United States

8/26/2020

Jeffrey K Fremeau

vs.

LVNV Funding LLC

**Summons and Complaint**
**Written Discovery Requests**

Dear Sir/Madam

You are being served with the enclosed notice under section 8 01-329 of the Code of Virginia
which designates the Secretary of the Commonwealth as statutory agent for Service of Process.

If you have any questions about the matter, PLEASE contact the CLERK of the enclosed/below
mentioned court or any attorney of your choice  Our office does not accept payments on behalf
of debts  The Secretary of the Commonwealth's ONLY responsibility is to mail the enclosed
papers to you

COURT
Richmond City Circuit Court
John Marshall Court Building
400 North 9th Street
Richmond, VA 23219

Service of Process Clerk
Secretary of the Commonwealth's
Office

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH**

Case No ....... CL20003894-00

Commonwealth of Virginia     VA. CODE §§ 8 01-301, 310, -329, 55-218 1, 57-51

.. ... .......... . ........ ..... .......     RICHMOND CITY. ...........   ... .... .. ... ... Circuit Court

| Jeffrey K. Fremeau | v. | LVNV Funding LLC |
|---|---|---|
| c/o The Sarrett Law Firm PLLC, 8100 Three Chopt Rd , Suite 203' | | 55 BEATTIE PLACE, Suite 110 |
| Richmond; Virginia 23229 | | GREENVILLE, SC 29601-5115 |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form

Attachments:     [×] Summons and Complaint  *and*     [ ] Notice
*Written Discovery Requests*     [ ]

I, the undersigned Affiant, state under oath that
[×] the above-named defendant     [ ]
    whose last known address is     [×] same as above  [ ]

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

_____ is the hearing date and time on the attached process or notice (if applicable).

08/21/2020
DATE     [ ] PARTY  [×] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND *BONA FIDE* EMPLOYEE

State of *Virginia*     [ ] City [×] County of *Henrico*

Acknowledged, subscribed and sworn to before me this day by     *Drew D. Sarrett*
                                               PRINT NAME OF SIGNATORY

8/21/2020
DATE     [ ] CLERK   [ ] MAGISTRATE   [×] NOTARY PUBLIC

Notary Registration No. *786.6025* . My commission expires. *12/31/2024*

TREVOR LOGAN MICHAEL REYNOL
NOTARY PUBLIC
REG. # 7866025
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 12/31/20

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
    You are being served with this notice and attached pleadings under Section 8 01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following·

1. On .. ............. **AUG 2 5 2020** ... . . . , legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended

2. On . ...... .. **AUG 2 7 2020** . papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit

_____
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

COMMONWEALTH OF VIRGINIA

VA CODE §§ 8 01-293, 8 01-320  8 01-325

| | |
|---|---|
| Case No CL20003894-00 | |
| Service No 2 | (Clerk's use only) |

RICHMOND CITY

FREMEAU, JEFFREY K

Circuit Court

v     ALLIED INTERSTATE LLC

LVNV FUNDING LLC, SECRETARY OF THE COMMONWEALTH, 55 BEATTIE PLACE, SUITE 110, GREENVILLE, SC 29601-5115

is the name and address of the person upon whom service of the following is to be made

[ ] Summons and Complaint

[x] COMPLAINT WITH INTERROGATORIES AND PRODUCTION OF DOCUMENTS

I, the undersigned, swear/affirm that

1   [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows

     or,

[ ] I am a private process server (list name, address and telephone number below)

     or,

[ ] I am an investigator employed by an attorney for the Commonwealth or the Indigent Defense Commission and have retired or resigned from my prior position as a law-enforcement officer in good standing  I affirm that the sheriff for the jurisdiction where process was served has agreed that such investigators may serve process  (List name, title and agency below )

2   I am not a party to, or otherwise interested in, the subject matter in controversy in this case
3   I am 18 years of age or older
4   I served, as shown below, the above-named person upon whom service of process was to be made with copies described above

    — Date and time of service

    — Place of service

    — Method of service         STREET ADDRESS CITY AND STATE

| [ ] Personal Service | [ ] Not Found |
|---|---|

[ ] Being unable to make personal service, a copy was delivered in the following manner

    [ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport  List name, age of recipient, and relation of recipient to party

    [ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found)

    [ ] (Garnishment Summons Only, § 8 01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown

         DATE OF MAILING

DATE

State/Commonwealth of        ,   [ ] City [ ] County of

SIGNATURE

Subscribed and sworn to/affirmed before me this    day of        , 20

by

PRINT NAME OF SIGNATORY        TITLE

DATE        NOTARY PUBLIC (My commission expires    )
        Registration No

FORM CC-1407 MASTER 07/18

# COMMONWEALTH OF VIRGINIA



## SUMMONS – CIVIL ACTION
RULE 3 5, VA  CODE § 8 01-2

Case No.  CL20003894-00

RICHMOND CITY

Circuit Court

400 NORTH 9TH STREET, RICHMOND 23219

ADDRESS

TO:

LVNV FUNDING LLC, SECRETARY OF THE COMMONWEALTH

55 BEATTIE PLACE

SUITE 110

GREENVILLE, SC 29601-5115

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia

AUGUST 17, 2020
DATE

JEWETT, EDWARD F _____ Clerk

by  /S/ CRIGGER, JOHN _____
DEPUTY CLERK

Instructions· * REQUEST FOR ADMISSIONS

Hearing Official·

FORM CC-1400 MASTER 10/13

Uploaded 2020AUG13 14 01 Filed By Bar# 81658 DSABRETT Reference EF-70623
E-Filed 2020AUG13 RICHMOND CITY CC JCHIGGER at 2020AUG17 15 01 CL20003694-00

Case 3:20-cv-00172-RCY-DJB Document 1-2 Filed 09/14/20 Page 6 of 52 PageID# 12

**V I R G I N I A:**

**IN THE CIRCUIT COURT OF THE CITY OF RICHMOND**
**Civil Division**

**JEFFREY K. FREMEAU,**

                    Plaintiff,

v.                                          Case Number _____

**ALLIED INTERSTATE LLC**

**LVNV FUNDING LLC**

**and**

**RESURGENT CAPITAL SERVICES, L.P.,**

                    Defendants.

## COMPLAINT

Now comes the Plaintiff, Jeffrey K. Fremeau ("Plaintiff" or "Mr. Fremeau"), by counsel, and sets forth the following:

### Preliminary Statement

1.  This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692 *et seq.* (Fair Debt Collection Practices Act – "FDCPA") and actual and punitive damages and costs for defamation under Virginia law.

### Parties

3.  Mr. Fremeau is a natural person who resides in the Commonwealth of Virginia.

4.  Allied Interstate LLC ("Allied") is a limited liability company and "debt collector" (as that term is defined in 15 U.S.C. § 1692a(6)) doing business in the Commonwealth of Virginia.

5.  LVNV Funding LLC ("LVNV") is a limited liability company and "debt collector" (as that term is defined in 15 U.S.C. § 1692a(6)) doing business in the Commonwealth of Virginia.

6.     Resurgent Capital Services, L.P. ("Resurgent") is a limited partnership and "debt collector" (as that term is defined in 15 U.S.C. § 1692a(6)) doing business in the Commonwealth of Virginia.[1]

## Jurisdiction

7.     This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1692k(d) and Va. Code § 17.1-513.

## Venue

8.     Venue is proper pursuant to Va Code § 8.01-262 inasmuch as LVNV's registered agent, by operation of law, is the Secretary of the Commonwealth of Virginia in Richmond, Virginia.

## Facts

9.     Mr. Fremeau opened a credit card account (the "credit card" or "account") with Credit One Bank, N.A. ("Credit One") in 2012.

10.    Mr. Fremeau used this account to make purchases for personal and household use. He made his payments on time for the account, and the account had a zero balance as of April 28, 2018.

11.    Mr. Fremeau stopped using the credit card in or around April 2018.

12.    In May 2018, Mr. Fremeau was a victim of fraudulent charges in Florida on the credit card.

13.    Mr. Fremeau had a zero balance on the credit card when the fraudulent charges occurred.

14.    On or about May 3, 2018, Mr Fremeau received written notice from Credit One acknowledging a purported recent address change for the account to an address in Miramar, Florida (the "Miramar address"). However, Mr. Fremeau did not submit an address change

---

[1] Allied, LVNV, and Resurgent are referred to collectively in this Complaint as "Defendants."

to Credit One, nor did he change his address to the Miramar address. Instead, Credit One allowed an identity thief to access the account and change the address associated with the account to the Miramar address

15.   Almost immediately upon receiving notice of the address change, Mr. Fremeau called Credit One and notified it that the address change to the Miramar address was unauthorized.

16.   On or about May 9, 2018, Mr. Fremeau received a second written notice from Credit One acknowledging that the address for the account had been changed to the Miramar address and indicating that the account number for the credit card had been changed  However, Mr. Fremeau did not submit an address change to Credit One, nor did he change his address to Miramar, Florida. Instead, Credit One allowed an identity thief to access the account and change the address associated with the account to an address in Miramar, Florida and then arrange for issuance of a new credit card to be sent to the address in Miramar, Florida.

17.   Almost immediately after receiving the second written notice of the address change, Mr. Fremeau called Credit One to notify it of this second unauthorized change of address request and the issue with the account number change

18    On or about May 11, 2018, Mr. Fremeau received a third written notice from Credit One acknowledging his recent address change to his current address in Portsmouth, Virginia and listing a new account number for the credit card  Mr. Fremeau did authorize this address change by Credit One.

19.   On or about May 17, 2018, Mr. Fremeau sent written notice to Credit One of his dispute fraudulent charges that occurred in Florida on the credit card and fees associated with such fraudulent charges (collectively, the "fraudulent charges"). Mr  Fremeau sent this dispute

3

to the address selected by Credit One for receipt of disputes related to billing and statement errors.

20. On or about June 15, 2018, Mr Fremeau called Credit One about fraudulent charges and asked why Credit One had not corrected his account and removed the fraudulent charges. The Credit One representative who spoke with Mr Fremeau was unhelpful.

21. On or about June 19, 2018, Credit One responded to Mr. Fremeau to notify him that it was investigating his billing dispute related to the fraudulent charges.

22. On or about July 12, 2018, Mr. Fremeau used his online banking services with Credit One to check to see if the account had been corrected and updated. However, there was no change and the account still reflected the fraudulent charges as outstanding. Mr. Fremeau sent a second written notice to Credit One to dispute the fraudulent charges and request their removal from the account.

23. On or about July 25, 2018, Mr. Fremeau received a written notice from Credit One stating that no charges had been made to his account "on or after 06/15/2018, the reported date of loss"

24. On or about July 30, 2018, Mr. Fremeau received a written notice from Credit One stating the "Lost/Stolen report" was taken on May 2, 2018 and that Credit One had determined Mr. Fremeau was not responsible for the fraudulent charges. Credit One credited the account $371.96 but failed to provide a sufficient credit to offset the full amount of the disputed, fraudulent charges, as the fraudulent charges totaled $657.54.

25 On or about August 15, 2018, Mr. Fremeau attempted to use his online banking services with Credit One to check the account but was denied access by Credit One.

26.     On or about October 18, 2018, Mr. Fremeau received a written notice from Credit One regarding his fraud investigation (i.e., his billing disputes) that stated "we have made adjustments to correct your balance. These adjustments will appear on an upcoming billing statement."

27.     In or around October 2018, Credit One reported the account to Experian Information Solutions, Inc. ("Experian") as requested closed by consumer and having a past due balance

28.     In or around October 2018, Credit One also reported the account to Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union") as requested closed by consumer and having a past due balance.

29.     Experian, Equifax, and Trans Union each published Mr Fremeau's consumer report to a third-party with the inaccurate information regarding the account.

30.     In or around November 2018, Credit One reported the account to Experian as closed and having a past due balance. Credit One reported this account as 30 days late in September and 60 days late as of November 2018.

31.     On or about October 9, 2018, Mr. Fremeau submitted a dispute to Experian explaining that Credit One was incorrectly reporting a delinquent balance on this account based on fraudulent charges.

32.     Experian's response to this dispute indicated that Credit One reported that the account information was accurate as of the date reported.

33.     In considering Mr Fremeau's dispute, Experian made a fraud referral to Equifax, prompting Equifax to notify Credit One of Mr. Fremeau's dispute of the fraudulent charges

and associated credit reporting. In response, Credit One "updated" is reporting to the account to 60-89 days delinquent from 30-59 days delinquent

34. On or about October 25, 2018, Mr. Fremeau submitted an online dispute to Experian explaining that Credit One was incorrectly reporting a delinquent balance on this account based on fraudulent charges

35. On or about October 27, 2018, Experian emailed Mr. Fremeau its dispute results. The account reporting had been updated in an inconsequential manner but still incorrectly reported that there was a past due balance on the account and the account was 30-59 days late in September and 60-89 days late in October 2018

36. On or about October 31, 2018, Mr. Fremeau submitted a second online dispute to Experian for the Credit One account.

37. On or about November 20, 2018, Experian forwarded its Investigation Results to Mr. Fremeau, which indicated that the credit card account had a past due balance as of November 2018, the account was 30 days late in September, no data for October, and 60 days late in November 2018.

38. On or about January 8, 2019, Mr. Fremeau pulled his credit report from Experian. Credit One was still reporting a past due balance of 60 days, the account 30 days late in September and 60 days late in November 2018.

39. On or about January 9, 2019, Mr. Fremeau filled out and submitted an Incident Report with the City of Portsmouth Police Department stating he was a victim of credit card fraud in the amount of $657.00 on May 1, 2018.

40. On or about January 11, 2019, Mr. Fremeau sent Experian a written credit dispute regarding this Credit One account  In Mr. Fremeau's letter, he explained he was a victim of identity

theft and that fraudulent charges were made on the account. Mr. Fremeau explained his numerous telephone and written communications with Credit One notifying it of the identity theft and fraudulent charges and trying to get the issue resolved.

41.   On or about January 23, 2019, Experian notified Mr. Fremeau that it had added an Extended Fraud Victim Alert to his credit report.

42.   On or about February 7, 2019, Experian forwarded its investigation results to Mr. Fremeau, which indicated that the Credit One account had been deleted and removed from Mr. Fremeau's credit report.

43.   The deletion of the account appears to have occurred based on actions by Experian, not Credit One. In response to Mr. Fremeau's January 2019 dispute to Experian, Credit One reported that the false, derogatory account information was accurate as of the date reported.

44.   On or about February 16, 2019, Credit One mailed a credit card statement to Mr. Fremeau showing a new balance of $106.40 and payment due date of March 6, 2019

45.   On or about March 6, 2019, Mr. Fremeau sent a written dispute to Credit One stating that this account should have a $0 balance and that the account was closed in May 2018.

46.   On or about March 22, 2019, Credit One sent Mr. Fremeau a letter stating his account was closed on January 17, 2019 and had a balance of $108.52 as of the date of the letter.

47.   On or about April 10, 2019, Credit One mailed Mr. Fremeau a credit card statement showing a previous balance of $108.52, fees charged of $25.00, and interest charged of $2.12 with a payment due date of June 6, 2019.

48.   On or about April 23, 2019, Credit One sent undersigned counsel a letter on behalf of Mr. Fremeau stating that the account was closed with a balance of $135.64 with the most recent activity of a payment of $33.00 processed on June 4, 2018.

49.     Credit One's credit reporting regarding the account has been inaccurate. Mr. Fremeau was
        not responsible for the fraudulent charges, and Credit One forfeited its right to collect the
        fraudulent charges from Mr. Fremeau because it failed to comply with its obligations under
        15 U.S.C. § 1601 *et seq* (Truth in Lending Act – "TILA"), including 15 U.S C §§ 1666-
        1666j (Fair Credit Billing Act – "FCBA"), which required Credit One to respond to Mr
        Fremeau's dispute of the fraudulent charges.

50      Mr. Fremeau filed suit in the U.S District Court for the Eastern District of Virginia against
        Credit One and Experian on May 15, 2019. That action was styled *Jeffrey K. Fremeau v.
        Credit One Bank, N A. and Experian Information Solutions, Inc.* – Civil Action No. 2.19-
        cv-00254 ("2:19-cv-00254").

51.     During the pendency of 2:19-cv-00254, on or about October 11, 2019, Credit One
        "charged-off" the account  On or about November 12, 2019, Credit One sold, assigned, or
        otherwise transferred the account to LVNV Funding LLC ("LVNV"), a debt buyer. Credit
        One represented to LVNV that Mr. Fremeau owed a severely delinquent balance of
        $371.80 on the account.

52.     At some point after December 20, 2019, Mr. Fremeau received a dunning letter from Allied
        (the "Dunning Letter") stating that Mr  Fremeau owed LVNV $371.80 on the account
        because LVNV was now the current creditor for the account.

53.     Mr. Fremeau, by counsel, disputed and requested verification of the account with LVNV
        and Allied in writing, and LVNV and Allied received the written dispute on January 6,
        2020 and January 7, 2020, respectively. Mr. Fremeau's written dispute to LVNV and Allied
        enclosed a copy of the Complaint filed in 2:19-cv-00254 and explained that Mr. Fremeau
        had no obligation with respect to the account.

54.   In a letter dated January 15, 2020 and sent to undersigned counsel, Resurgent, on its own and as agent for LVNV, purported to provide verification of the account to Mr. Fremeau and continued to assert that Mr. Fremeau owed $371.80 on the account. This letter enclosed an account statement generated by Credit One which included the following address information for Mr. Fremeau:

JEFF FREMEAU
THE SARRETT LAW FIRM, PLLC
8100 THREE CHOPT RD RM 203
RICHMOND, VA 23229-4800

55.   Thereafter, LVNV, through its agent, Resurgent, reported to Experian and Equifax that Mr. Fremeau owed a "charged-off collection account" to LVNV with an outstanding balance of $371.00

56.   Mr. Fremeau learned of this reporting through a credit monitoring service, not through a consumer reporting disclosure pursuant to 15 U.S.C. §§ 1681g-h, and/or 1681m.

57.   At all times relevant to this case, Credit One's account records reflected that Mr Fremeau was represented by undersigned counsel, and account records reflecting such representation were readily available to Defendants.

### Count One – Violations of Federal Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*) – Suit Against Defendants for Statutory and Actual Damages and for Attorney's Fees and Costs

58.   Mr. Fremeau re-avers and incorporates all other factual allegations set forth in this Complaint.

59   With respect to the collection activities directed at Mr. Fremeau by Defendants, Mr. Fremeau was a "consumer" within the meaning of the FDCPA.  15 U.S.C. §1692a(3).

60.   At all times relevant to this case, Allied has acted as a "debt collector," as that term is defined at 15 U S.C. § 1692a(6), because of the following:

9

A.    Its "principal purpose" is to collect "debts" – specifically, consumer debts arising from consumer transactions. 15 U.S.C. § 1692a(6).

B.    It "regularly collects or attempts to collect…debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

C.    It holds itself out as a debt collector in its marketing: "Allied Interstate provides…debt collection services to blue-chip companies, from a wide range of industries, who employ us to provide these services on their behalf." *About Us*, https://www.allied-interstate.com/about (last accessed on July 31, 2020)

D.    The Dunning Letter stated, in part: "[w]e are a debt collection company and we have contracted with LVNV Funding LLC to collect on your account…This is an attempt to collect a debt and any information obtained will be used for that purpose."

61.    At all times relevant to this case, LVNV has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6), because of the following:

A.    Its "principal purpose" is to collect "debts" – specifically, consumer debts arising from consumer transactions. 15 U.S.C § 1692a(6).

B    It establishes that its "principal purpose" is to collect "debts" in its marketing:

Your Connection to LVNV Funding

It all starts with an account that you opened  This may have been a credit card, a loan from a lender or installment loan provider, or services rendered.

You used this account.
(credit card, store card, loan)

You missed one or more of your scheduled payments.

Over time if you can't keep up with your required payments, the initial owner or originator of the account will likely "charge-off" the account

without being repaid.

What does this mean?

When your account is charged off, it means that the creditor has determined that you're not likely to bring your account back to good standing and has decided to prevent you from making any additional purchases on the account  After charge off, some creditors choose to sell your account to another party. This does not mean the debt goes away. It just means that you now owe the debt to the new owner

Your Account Has A New Owner: LVNV Funding

You still owe your debt but the new owner is LVNV Funding.

*LVNV Funding*, https://www.lvnvfunding.com/ (last accessed on July 31, 2020).

62      At all times relevant to this case, Resurgent has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6), because of the following:

A.      Its "principal purpose" is to collect "debts" – specifically, consumer debts arising from consumer transactions. 15 U.S.C. § 1692a(6).

B.      It "regularly collects or attempts to collect.. debts owed or due or asserted to be owed or due another "  15 U S C. § 1692a(6).

C.      Its correspondence regarding the account stated, in part: "[t]his is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector "

63.     In their efforts to collect money claimed to be due from Mr Fremeau, as described in this Complaint, Defendants violated the provisions of the FDCPA in a number of ways, including the following.

A.      Making false, deceptive or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e

B.      Using an unfair or unconscionable means to attempt to collect a debt, in violation

11

of 15 U S C. § 1692f.

C.      Misrepresenting the amount owed, in violation of 15 U.S.C. §§1692e(2)(A), 1692e(10) and 1692f

D.      Threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

64.     In their efforts to collect money claimed to be due from Mr. Fremeau, as described in this Complaint, LVNV and Resurgent violated the FDCPA by "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed," in violation of 15 U.S.C. § 1692e(8).

65.     In its efforts to collect money claimed to be due from Mr. Fremeau, as described in this Complaint, Allied violated the FDCPA by communicating with Mr. Fremeau when it knew he was represented by undersigned counsel and had knowledge of undersigned counsel's name and address (or the ability to readily ascertain undersigned counsel's name and address).

66.     It is possible that Defendants committed other acts in violation of the FDCPA, and Mr. Fremeau reserves the right to add other violations to the list above as additional information becomes available during the course of discovery in this action.

67.     Defendants' actions, as described in this Complaint, forced Mr. Fremeau to incur out-of-pocket expenses to remediate Defendants' wrongful collection action.

68.     As a proximate result of Defendants' violations of the FDCPA, Mr. Fremeau suffered actual damages, including but not limited to: loss of credit, lost opportunities to enter into

consumer credit transactions, damage to reputation, embarrassment, humiliation, and other mental and emotional distress.

69.     Mr. Fremeau is entitled to recover actual damages, statutory damages, costs, and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1692k.

### Count Ten – Defamation – Suit Against Defendants for Compensatory and Punitive Damages and Costs

70.     Mr. Fremeau re-avers and incorporates all other factual allegations set forth in this Complaint.

71.     As set forth above, Defendants were notified that Mr. Fremeau had no obligation with respect to the account and that to publish any statement that Mr. Fremeau owed an obligation with respect to the account would be false and inaccurate.

72.     Defendants could have easily contacted Credit One to confirm that the account should never have been sold, assigned, or otherwise transferred to LVNV because Mr. Fremeau owed no outstanding balance for the account at the time of such sale, assignment, or transfer

73      Nonetheless, Defendants published false and inaccurate statements that Mr. Fremeau owed a charged-off collection debt to Defendants based on the account, including to Equifax and Experian.

74.     Defendants were aware that their false and inaccurate statements that Mr. Fremeau owed a charged-off collection debt to Defendants would damage Mr. Fremeau and his ability to enjoy life and use the credit rating and reputation rights he secured by honoring his obligations to creditors.

75.     Defendants maintain subscriber contracts with Equifax and Experian, under which

Defendants are permitted to report credit data and have such data placed in the credit reporting files and records of Equifax and Experian so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

76.     Under these subscriber contracts, Defendants owe multiple duties, including the duty to report truthful and accurate information regarding consumers, including Mr. Fremeau.

77.     Defendants recklessly, maliciously, and/or intentionally published and disseminated false and inaccurate information concerning Mr. Fremeau with knowledge of the falsity and inaccuracy of the matters published or reckless disregard for the truth of the matters published.

78.     The false and inaccurate information published and disseminated by Defendants constituted defamation against Mr. Fremeau.

79.     As a proximate result of Defendants' defamation, Mr. Fremeau has suffered economic injuries, injuries to his reputation and standing in the community, embarrassment, humiliation, and other mental and emotional distress.

80      Mr. Fremeau is entitled to recover compensatory and punitive damages against Defendants.

**Demand for Trial by Jury**

81      Mr. Fremeau demands trial by jury on all issues so triable.

**Conclusion**

WHEREFORE, Mr Fremeau prays for an award of actual/compensatory and/or statutory damages against Defendants for $100,000.00, jointly and severally; for an award of punitive damages against Defendants for $350,000.00, jointly and severally; for his reasonable attorney's fees and costs; for prejudgment and post-judgment interest at the applicable rate, and such other relief deemed just and proper

Respectfully submitted,

**JEFFREY K. FREMEAU**

By_____/s/ Drew D. Sarrett_____
                      Counsel

Drew D. Sarrett (VSB No. 81658)
The Sarrett Law Firm, PLLC
8100 Three Chopt Road, Suite 203
Richmond, Virginia 23229
Phone: (804) 303-1951
Fax: (804) 250-6005
E-mail: drew@sarrettlawfirm.com
*Counsel for Plaintiff(s)*

15

**VIRGINIA:**

**IN THE CIRCUIT COURT OF THE CITY OF RICHMOND**
**Civil Division**

**JEFFREY K. FREMEAU,**

Plaintiff,

v.                                                    Case Number _____

**ALLIED INTERSTATE LLC,** *et al.,*

Defendants.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS,**
**INTERROGATORIES, AND REQUEST FOR PRODUCTION**
**OF DOCUMENTS TO ALLIED INTERSTATE LLC**

Pursuant to Rules 4:8, 4.9, and 4:11 of the Supreme Court of Virginia comes the Plaintiff, Jeffrey K. Fremeau ("Plaintiff" or "Mr. Fremeau"), by counsel, and serves on Defendant Allied Interstate LLC ("Allied"), his first set of requests for admissions, interrogatories, and request for production of documents, as follows:

*Clarification   Whenever any term or set of words is followed by parentheses and a shortened term or words bracketed by parenthesis, if that shortened term or words are later used, the same refers to the term or words first stated*

*Definitions   The term "Allied" in this discovery includes every division, department, or component of Allied Interstate LLC.*

**Requests for Admission**

Pursuant to Rule 4:11 of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that Allied admit the truth of the following within the time provided in such rule:

1.      As to Mr. Fremeau, Allied sought to collect on credit card account (the "account") originated with Credit One Bank, N.A.

**Response:**

2.     The account constitutes "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**Response:**

3.     With respect to the account, Allied has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6).

**Response:**

4.     With respect to Mr. Fremeau, Allied has acted as a "debt collector," as that term is defined at 15 U.S.C § 1692a(6)

**Response:**

5.     With respect to its activities directed to Mr. Fremeau, Allied has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6), because one of its principal purposes is the collection of debts.

**Response:**

6.     With respect to its activities directed to Mr. Fremeau, Allied has acted as a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6), because Allied regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

**Response:**

END OF REQUESTS FOR ADMISSIONS

**Interrogatories**

Pursuant to Rule 4.8 of the Rules of the Supreme Court of Virginia, Mr Fremeau, by counsel, requests that Allied respond to the following interrogatories in writing and under oath within the time provided in Rule 4:8. If any response changes, please supplement the responses within twenty-one (21) days from the date you learn of the change.

1.     As to the above Requests for Admission, if Allied failed to admit any of those requests without qualification, please state the basis for the denial or partial denial; and if Allied responded that it was unable to admit or deny any part or all of any of such requests, please describe the inquiry made by Allied to seek to determine whether it could admit or deny.

**Answer:**


2.     Identify each person who supplied information or assisted in answering these interrogatories.

**Answer:**


3.     Please state the name and business or home address and business or home telephone number of any person having knowledge of the facts relevant to this case, and the substance of the facts known to each such person, to the extent the identity of such persons and substance of such knowledge is known by each respondent in this case.

**Answer:**

4.    Please identify each communication (in any medium, including written and oral) between

Allied (and its agents) and Mr Fremeau from October 1, 2019 to the present  For each such

communication that is written or otherwise recorded, please identify in reasonable detail

the document that embodies or shows that communication.

**Answer:**


5    Please identify each communication between Allied (and its agents) and any third party

from October 1, 2019 to the present which relates to Mr. Fremeau, the account (as that term

is defined above in the Requests for Admission)[1], or any collection activity relating to Mr.

Fremeau. For each such communication that is written or otherwise recorded, please

identify in reasonable detail the document that embodies or shows that communication.

**Answer:**


6.    Has Allied (or its agents) destroyed or erased any documents, emails, recording or

recordings, or computer records relating to (1) Mr. Fremeau; (2) the account; (3) any oral

or written communication related to Mr Fremeau or the account between any

representative of Allied and any third party; (4) and/or any oral or written communication

between Mr. Fremeau and any representative or agent of Allied? If so, identify the

destroyed or erased documents, emails, recordings, or computer records.

**Answer:**

---

[1] When used in these interrogatories, the term "the account" shall have the meaning ascribed to it
in the Requests for Admission.

7.     State the factual basis of any and all defenses or affirmative defenses that you have asserted to the Complaint.

**Answer:**


8.     For each paragraph of the Complaint for which you deny or do not admit the allegations, please explain and describe any facts that you believe may support each denial or failure to admit.

**Answer:**


9.     Please identify each person whom you expect to call as an expert witness at the trial of this cause, and as to each such expert witness, describe:

(a) The subject matter to which the expert witness is expected to testify.

(b) The substance of facts and opinions to which the expert witness is expected to testify.

(c) A summary of the grounds for each such opinion to be expressed by such expert.

(d) The qualifications of the expert, including a list of all publications authored by the witness within the preceding ten years.

(e) All documents given to such expert by you or anyone acting on your behalf, including counsel.

(f) All documents reviewed and prepared by such expert in preparing for trial of the case.

(g) All documents received from such experts

(h) The terms of all fee arrangements with such experts and the total of all payments made to date.

(i) A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; and please produce copies of all documents sent to or received from each such expert.

**Answer:**

5

END INTERROGATORIES**Request for Production of Documents**

*Definitions*

A.    "Complaint" shall mean the complaint and any amendments to the complaint filed by Mr. Fremeau in the present case

B.    "Document" or "Documents" means all records of any kind whatsoever, including without limitation, paper records, files, computer records, emails, voice mails, photographs, microfiche, microfilm, correspondence, memoranda, writings, drawings, graphs, charts, photographs, other data or data compilations, handwritten notes, and typed notes. All draft and all final copies of each document shall be produced

C.    "And" and "or" shall mean both "and" and "or" to encompass the broadest possible reading of each request.

D.    "Reflecting" and "relating" shall mean reflecting or relating in any way to the subject matter of the request; these words shall be understood in the broadest meaning, to request all documents relating in any way to the subject matter of the request or reflecting the subject matter of the request.

*Explanation of Details Relating to Document Requests*

E.    Documents are requested to be produced organized and labeled to correspond with the categories in the requests.

F.    Electronic documents are requested to be provided in searchable PDF format.

G.    If Allied claims that any documents that would otherwise be responsive to a request are protected from disclosure by the attorney-client privilege, the work product doctrine, or for any other reason whatsoever, please provide a privilege log containing the date of the

document, the type of document, the recipient, all persons who were copied on the document, the subject matter of the document, the request to which it is responsive, and the basis for withholding the document, provided however, that such a log is not necessary for documents protected by the attorney-client privilege.

H.     Mr Fremeau seeks all documents described below for the time period from the date Allied first took any action with regard to Mr. Fremeau or the account.[2]

**Requests for Production of Documents**

Pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that Allied produce for copying and inspection the following documents, tape recordings, or audio recordings (or copies of such) at The Sarrett Law Firm, PLLC, 8100 Three Chopt Road, Suite 203, Richmond, Virginia 23229, within the time provided for in Rule 4.9.

1.     Any computer or email records relating to any communications that refer to Mr Fremeau by name.

**Response:**

2.     Any documents, emails, or computer records relating to Mr. Fremeau, the account, or any of the matters averred in the Complaint.

**Response:**

3.     Any communications by one employee of Allied or its agent(s) to another employee of Allied or its agent(s) that reference Mr Fremeau by name or refer or relate to any of the matters averred in the Complaint.

**Response:**

---

[2] When used in these requests for production of documents, the term "the account" shall have the meaning ascribed to it in the Requests for Admission.

4    Any communication from any employee or agent of Allied or its agent(s) to anyone outside Allied or its agent(s) that reference Mr. Fremeau by name or refer or relate to any of the matters averred in the Complaint

**Response:**

5    Any communication from anyone outside Allied to anyone employed by Allied or its agent(s) that reference Mr. Fremeau by name or refer or relate to any of the matters averred in the Complaint.

**Response:**

6.   Allied's entire file, omitting nothing, on Mr. Fremeau and/or the account

**Response:**

7.   Allied's complete collection file relating to Mr. Fremeau and/or the account.

**Response:**

8.   Any tape recording and/or audio recording of any conversation between Mr. Fremeau and any representative of Allied.

**Response:**

9.   Any transcription of any tape recording and/or audio recording of any conversation between Mr. Fremeau and any representative of Allied.

**Response:**

10.  Any tape recording and/or audio recording of any conversation relating to Mr. Fremeau and/or the account and involving any representative of Allied

**Response:**

11   Any transcription of any tape recording and/or audio recording of any conversation relating to Mr. Fremeau and/or the account and involving any representative of Allied.

**Response:**

12.     Any computer notes regarding Mr. Fremeau, the account, and any collection file for Mr.

Fremeau and/or the account.                                                                           ,

**Response:**

13      Any document or documents reflecting any note or notes taken by any employee of Allied

regarding any telephone conversation between Mr Fremeau and any representative of

Allied

**Response:**

14.     Any document or documents reflecting any note or notes taken by any representative of

Allied regarding any telephone conversation relating to Mr Fremeau and/or the account.

**Response:**

15.     Any documents received by Allied in response to a subpoena issued in this action.

**Response:**

16.     All employee manuals, employee handbooks, policy statements, bulletins, and any

documents setting forth Allied's policies and procedures for complying with the federal

Fair Debt Collection Practices Act and/or any other law that Allied intends to or may rely

upon in defending against Mr. Fremeau's claims.

**Response:**

END REQUEST FOR PRODUCTION OF DOCUMENTS

Dated: August 13, 2020                      Respectfully submitted,

**JEFFREY K. FREMEAU**

By____/s/ Drew D Sarrett_____
                    Counsel

Drew D. Sarrett (VSB No  81658)
Ian E. Vance (VSB No. 88062)
The Sarrett Law Firm, PLLC
8100 Three Chopt Road, Suite 203
Richmond, Virginia 23229
Phone: (804) 303-1951
Fax: (804) 250-6005
E-mail: drew@sarrettlawfirm.com
E-mail: ian@sarrettlawfirm.com
*Counsel for Plaintiff(s)*

**VIRGINIA:**

### IN THE CIRCUIT COURT OF THE CITY OF RICHMOND
**Civil Division**

**JEFFREY K. FREMEAU,**

Plaintiff,

v                                                   Case Number _____

**ALLIED INTERSTATE LLC, *et al.*,**

Defendants.

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUEST FOR PRODUCTION OF DOCUMENTS TO LVNV FUNDING LLC

Pursuant to Rules 4:8, 4.9, and 4:11 of the Supreme Court of Virginia comes the Plaintiff, Jeffrey K Fremeau ("Plaintiff" or "Mr. Fremeau"), by counsel, and serves on Defendant LVNV Funding LLC ("LVNV"), his first set of requests for admissions, interrogatories, and request for production of documents, as follows:

*Clarification. Whenever any term or set of words is followed by parentheses and a shortened term or words bracketed by parenthesis, if that shortened term or words are later used, the same refers to the term or words first stated.*

*Definitions· The term "LVNV" in this discovery includes every division, department, or component of LVNV Funding LLC*

<b>Requests for Admission</b>

Pursuant to Rule 4:11 of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that LVNV admit the truth of the following within the time provided for in such rule:

1.    As to Mr. Fremeau, LVNV sought to collect on credit card account (the "account") originated with Credit One Bank, N.A.

1

**Response:**

2.      The account constitutes "debt" as that term is defined by 15 U.S C  § 1692a(5).

**Response:**

3      With respect to the account, LVNV has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6)

**Response:**

4.      With respect to Mr  Fremeau, LVNV has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6).

**Response:**

5.      With respect to its activities directed to Mr. Fremeau, LVNV has acted as a "debt collector," as that term is defined at 15 U S.C. § 1692a(6), because one of its principal purposes is the collection of debts.

**Response:**

END OF REQUESTS FOR ADMISSIONS

**Interrogatories**

Pursuant to Rule 4·8 of the Rules of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that LVNV respond to the following interrogatories in writing and under oath

2

within the time provided in Rule 4:8. If any response changes, please supplement the responses within twenty-one (21) days from the date you learn of the change.

1.      As to the above Requests for Admission, if LVNV failed to admit any of those requests without qualification, please state the basis for the denial or partial denial, and if LVNV responded that it was unable to admit or deny any part or all of any of such requests, please describe the inquiry made by LVNV to seek to determine whether it could admit or deny.

        **Answer:**

2.      Identify each person who supplied information or assisted in answering these interrogatories.

        **Answer:**

3.      Please state the name and business or home address and business or home telephone number of any person having knowledge of the facts relevant to this case, and the substance of the facts known to each such person, to the extent the identity of such persons and substance of such knowledge is known by each respondent in this case.

        **Answer:**

4.      Please identify each communication (in any medium, including written and oral) between LVNV (and its agents) and Mr Fremeau from October 1, 2019 to the present. For each such communication that is written or otherwise recorded, please identify in reasonable detail the document that embodies or shows that communication.

        **Answer:**

5.      Please identify each communication between LVNV (and its agents) and any third party
        from October 1, 2019 to the present which relates to Mr Fremeau, the account (as that term
        is defined above in the Requests for Admission)[1], or any collection activity relating to Mr
        Fremeau. For each such communication that is written or otherwise recorded, please
        identify in reasonable detail the document that embodies or shows that communication
        **Answer:**

6.      Has LVNV (or its agents) destroyed or erased any documents, emails, recording or
        recordings, or computer records relating to (1) Mr. Fremeau; (2) the account; (3) any oral
        or written communication related to Mr. Fremeau or the account between any
        representative of LVNV and any third party; (4) and/or any oral or written communication
        between Mr Fremeau and any representative or agent of LVNV? If so, identify the
        destroyed or erased documents, emails, recordings, or computer records.
        **Answer:**

7.      State the factual basis of any and all defenses or affirmative defenses that you have asserted
        to the Complaint.
        **Answer:**

---

[1] When used in these interrogatories, the term "the account" shall have the meaning ascribed to it
in the Requests for Admission

4

8.     For each paragraph of the Complaint for which you deny or do not admit the allegations, please explain and describe any facts that you believe may support each denial or failure to admit.

**Answer:**


9.     Please identify each person whom you expect to call as an expert witness at the trial of this cause, and as to each such expert witness, describe:

(a) The subject matter to which the expert witness is expected to testify.

(b) The substance of facts and opinions to which the expert witness is expected to testify

(c) A summary of the grounds for each such opinion to be expressed by such expert.

(d) The qualifications of the expert, including a list of all publications authored by the witness within the preceding ten years.

(e) All documents given to such expert by you or anyone acting on your behalf, including counsel.

(f) All documents reviewed and prepared by such expert in preparing for trial of the case.

(g) All documents received from such experts.

(h) The terms of all fee arrangements with such experts and the total of all payments made to date.

(i) A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; and please produce copies of all documents sent to or received from each such expert.

**Answer:**


END INTERROGATORIES


5

## Request for Production of Documents

*Definitions*

A.   "Complaint" shall mean the complaint and any amendments to the complaint filed by Mr. Fremeau in the present case

B.   "Document" or "Documents" means all records of any kind whatsoever, including without limitation, paper records, files, computer records, emails, voice mails, photographs, microfiche, microfilm, correspondence, memoranda, writings, drawings, graphs, charts, photographs, other data or data compilations, handwritten notes, and typed notes. All draft and all final copies of each document shall be produced

C.   "And" and "or" shall mean both "and" and "or" to encompass the broadest possible reading of each request.

D.   "Reflecting" and "relating" shall mean reflecting or relating in any way to the subject matter of the request; these words shall be understood in the broadest meaning, to request all documents relating in any way to the subject matter of the request or reflecting the subject matter of the request

*Explanation of Details Relating to Document Requests*

E.   Documents are requested to be produced organized and labeled to correspond with the categories in the requests.

F.   Electronic documents are requested to be provided in searchable PDF format.

G.   If LVNV claims that any documents that would otherwise be responsive to a request are protected from disclosure by the attorney-client privilege, the work product doctrine, or for any other reason whatsoever, please provide a privilege log containing the date of the document, the type of document, the recipient, all persons who were copied on the

document, the subject matter of the document, the request to which it is responsive, and the basis for withholding the document, provided however, that such a log is not necessary for documents protected by the attorney-client privilege.

H.    Mr. Fremeau seeks all documents described below for the time period from the date LVNV first took any action with regard to Mr Fremeau or the account [2]

### Requests for Production of Documents

Pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that LVNV produce for copying and inspection the following documents, tape recordings, or audio recordings (or copies of such) at The Sarrett Law Firm, PLLC, 8100 Three Chopt Road, Suite 203, Richmond, Virginia 23229, within the time provided for in Rule 4:9.

1.    Any computer or email records relating to any communications that refer to Mr. Fremeau by name.

**Response:**

2.    Any documents, emails, or computer records relating to Mr. Fremeau, the account, or any of the matters averred in the Complaint.

**Response:**

3.    Any communications by one employee of LVNV or its agent(s) to another employee of LVNV or its agent(s) that reference Mr Fremeau by name or refer or relate to any of the matters averred in the Complaint

**Response:**

---

[2] When used in these requests for production of documents, the term "the account" shall have the meaning ascribed to it in the Requests for Admission.

4.     Any communication from any employee or agent of LVNV or its agent(s) to anyone outside LVNV or its agent(s) that reference Mr. Fremeau by name or refer or relate to any of the matters averred in the Complaint.

   **Response:**

5.     Any communication from anyone outside LVNV to anyone employed by LVNV or its agent(s) that reference Mr. Fremeau by name or refer or relate to any of the matters averred in the Complaint.

   **Response:**

6.     LVNV's entire file, omitting nothing, on Mr Fremeau and/or the account

   **Response:**

7.     LVNV's complete collection file relating to Mr. Fremeau and/or the account.

   **Response:**

8     Any tape recording and/or audio recording of any conversation between Mr. Fremeau and any representative of LVNV.

   **Response:**

9.     Any transcription of any tape recording and/or audio recording of any conversation between Mr. Fremeau and any representative of LVNV.

   **Response:**

10.    Any tape recording and/or audio recording of any conversation relating to Mr. Fremeau and/or the account and involving any representative of LVNV

   **Response:**

11.    Any transcription of any tape recording and/or audio recording of any conversation relating to Mr. Fremeau and/or the account and involving any representative of LVNV.

**Response:**

12.     Any computer notes regarding Mr. Fremeau, the account, and any collection file for Mr
        Fremeau and/or the account.

**Response:**

13.     Any document or documents reflecting any note or notes taken by any employee of LVNV
        regarding any telephone conversation between Mr. Fremeau and any representative of
        LVNV

**Response:**

14.     Any document or documents reflecting any note or notes taken by any representative of
        LVNV regarding any telephone conversation relating to Mr Fremeau and/or the account.

**Response:**

15      Any documents received by LVNV in response to a subpoena issued in this action.

**Response:**

16.     All employee manuals, employee handbooks, policy statements, bulletins, and any
        documents setting forth LVNV's policies and procedures for complying with the federal
        Fair Debt Collection Practices Act and/or any other law that LVNV intends to or may rely
        upon in defending against Mr Fremeau's claims

**Response:**

                    END REQUEST FOR PRODUCTION OF DOCUMENTS

Dated: August 13, 2020                          Respectfully submitted,

                                                **JEFFREY K. FREMEAU**

                                                By_____/s/ Drew D. Sarrett_____
                                                            Counsel

Drew D. Sarrett (VSB No. 81658)
Ian E. Vance (VSB No. 88062)
The Sarrett Law Firm, PLLC
8100 Three Chopt Road, Suite 203
Richmond, Virginia 23229
Phone  (804) 303-1951
Fax: (804) 250-6005
E-mail. drew@sarrettlawfirm.com
E-mail: ian@sarrettlawfirm com
*Counsel for Plaintiff(s)*

**VIRGINIA:**

**IN THE CIRCUIT COURT OF THE CITY OF RICHMOND**
**Civil Division**

**JEFFREY K. FREMEAU,**

        Plaintiff,

v.                                   Case Number _____

**ALLIED INTERSTATE LLC, *et al.,***

        Defendants.

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO RESURGENT CAPITAL SERVICES, L.P.

Pursuant to Rules 4:8, 4:9, and 4.11 of the Supreme Court of Virginia comes the Plaintiff, Jeffrey K. Fremeau ("Plaintiff" or "Mr. Fremeau"), by counsel, and serves on Defendant Resurgent Capital Services, L.P. ("Resurgent"), his first set of requests for admissions, interrogatories, and request for production of documents, as follows.

*Clarification: Whenever any term or set of words is followed by parentheses and a shortened term or words bracketed by parenthesis, if that shortened term or words are later used, the same refers to the term or words first stated.*

*Definitions: The term "Resurgent" in this discovery includes every division, department, or component of Resurgent Capital Services, L.P.*

### Requests for Admission

Pursuant to Rule 4:11 of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that Resurgent admit the truth of the following within the time provided for in such rule:

1.     As to Mr. Fremeau, Resurgent sought to collect on credit card account (the "account") originated with Credit One Bank, N.A.

**Response:**

2.      The account constitutes "debt" as that term is defined by 15 U.S.C. § 1692a(5).

**Response:**

3.      With respect to the account, Resurgent has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6)

**Response:**

4.      With respect to Mr. Fremeau, Resurgent has acted as a "debt collector," as that term is defined at 15 U.S.C. § 1692a(6).

**Response:**

5.      With respect to its activities directed to Mr. Fremeau, Resurgent has acted as a "debt collector," as that term is defined at 15 U S C. § 1692a(6), because one of its principal purposes is the collection of debts.

**Response:**

6.      With respect to its activities directed to Mr. Fremeau, Resurgent has acted as a "debt collector" as that term is defined at 15 U.S.C. § 1692a(6), because Resurgent regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

**Response:**

END OF REQUESTS FOR ADMISSIONS

**Interrogatories**

Pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that Resurgent respond to the following interrogatories in writing and under oath within the time provided in Rule 4.8  If any response changes, please supplement the responses within twenty-one (21) days from the date you learn of the change.

1. As to the above Requests for Admission, if Resurgent failed to admit any of those requests without qualification, please state the basis for the denial or partial denial; and if Resurgent responded that it was unable to admit or deny any part or all of any of such requests, please describe the inquiry made by Resurgent to seek to determine whether it could admit or deny.

   **Answer:**


2. Identify each person who supplied information or assisted in answering these interrogatories.

   **Answer:**


3. Please state the name and business or home address and business or home telephone number of any person having knowledge of the facts relevant to this case, and the substance of the facts known to each such person, to the extent the identity of such persons and substance of such knowledge is known by each respondent in this case.

   **Answer:**

3

4.     Please identify each communication (in any medium, including written and oral) between Resurgent (and its agents) and Mr Fremeau from October 1, 2019 to the present. For each such communication that is written or otherwise recorded, please identify in reasonable detail the document that embodies or shows that communication.

**Answer:**


5.     Please identify each communication between Resurgent (and its agents) and any third party from October 1, 2019 to the present which relates to Mr Fremeau, the account (as that term is defined above in the Requests for Admission)[1], or any collection activity relating to Mr Fremeau. For each such communication that is written or otherwise recorded, please identify in reasonable detail the document that embodies or shows that communication.

**Answer:**


6.     Has Resurgent (or its agents) destroyed or erased any documents, emails, recording or recordings, or computer records relating to (1) Mr. Fremeau, (2) the account; (3) any oral or written communication related to Mr. Fremeau or the account between any representative of Resurgent and any third party, (4) and/or any oral or written communication between Mr. Fremeau and any representative or agent of Resurgent? If so, identify the destroyed or erased documents, emails, recordings, or computer records.

**Answer:**

---

[1] When used in these interrogatories, the term "the account" shall have the meaning ascribed to it in the Requests for Admission

7. State the factual basis of any and all defenses or affirmative defenses that you have asserted to the Complaint

   **Answer:**


8. For each paragraph of the Complaint for which you deny or do not admit the allegations, please explain and describe any facts that you believe may support each denial or failure to admit.

   **Answer:**


9. Please identify each person whom you expect to call as an expert witness at the trial of this cause, and as to each such expert witness, describe:

   (a) The subject matter to which the expert witness is expected to testify.

   (b) The substance of facts and opinions to which the expert witness is expected to testify.

   (c) A summary of the grounds for each such opinion to be expressed by such expert.

   (d) The qualifications of the expert, including a list of all publications authored by the witness within the preceding ten years.

   (e) All documents given to such expert by you or anyone acting on your behalf, including counsel.

   (f) All documents reviewed and prepared by such expert in preparing for trial of the case.

   (g) All documents received from such experts.

   (h) The terms of all fee arrangements with such experts and the total of all payments made to date.

   (i) A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years; and please produce copies of all documents sent to or received from each such expert.

   **Answer:**

5

END INTERROGATORIES

**Request for Production of Documents**

*Definitions*

A.   "Complaint" shall mean the complaint and any amendments to the complaint filed by Mr. Fremeau in the present case.

B.   "Document" or "Documents" means all records of any kind whatsoever, including without limitation, paper records, files, computer records, emails. voice mails, photographs, microfiche, microfilm, correspondence, memoranda, writings, drawings, graphs, charts, photographs, other data or data compilations, handwritten notes, and typed notes. All draft and all final copies of each document shall be produced.

C.   "And" and "or" shall mean both "and" and "or" to encompass the broadest possible reading of each request.

D   "Reflecting" and "relating" shall mean reflecting or relating in any way to the subject matter of the request; these words shall be understood in the broadest meaning, to request all documents relating in any way to the subject matter of the request or reflecting the subject matter of the request.

*Explanation of Details Relating to Document Requests*

E.   Documents are requested to be produced organized and labeled to correspond with the categories in the requests.

F.   Electronic documents are requested to be provided in searchable PDF format.

G.   If Resurgent claims that any documents that would otherwise be responsive to a request are protected from disclosure by the attorney-client privilege, the work product doctrine, or for any other reason whatsoever, please provide a privilege log containing the date of

the document, the type of document, the recipient, all persons who were copied on the document, the subject matter of the document, the request to which it is responsive, and the basis for withholding the document, provided however, that such a log is not necessary for documents protected by the attorney-client privilege.

H.      Mr. Fremeau seeks all documents described below for the time period from the date Resurgent first took any action with regard to Mr. Fremeau or the account.[2]

**Requests for Production of Documents**

Pursuant to Rule 4.9 of the Rules of the Supreme Court of Virginia, Mr. Fremeau, by counsel, requests that Resurgent produce for copying and inspection the following documents, tape recordings, or audio recordings (or copies of such) at The Sarrett Law Firm, PLLC, 8100 Three Chopt Road, Suite 203, Richmond, Virginia 23229, within the time provided for in Rule 4:9.

1.      Any computer or email records relating to any communications that refer to Mr. Fremeau by name.

**Response:**

2.      Any documents, emails, or computer records relating to Mr. Fremeau, the account, or any of the matters averred in the Complaint.

**Response:**

3.      Any communications by one employee of Resurgent or its agent(s) to another employee of Resurgent or its agent(s) that reference Mr. Fremeau by name or refer or relate to any of the matters averred in the Complaint.

**Response:**

---

[2] When used in these requests for production of documents, the term "the account" shall have the meaning ascribed to it in the Requests for Admission.

4.    Any communication from any employee or agent of Resurgent or its agent(s) to anyone
      outside Resurgent or its agent(s) that reference Mr. Fremeau by name or refer or relate to
      any of the matters averred in the Complaint

      **Response:**

5.    Any communication from anyone outside Resurgent to anyone employed by Resurgent or
      its agent(s) that reference Mr. Fremeau by name or refer or relate to any of the matters
      averred in the Complaint

      **Response:**

6.    Resurgent's entire file, omitting nothing, on Mr. Fremeau and/or the account.

      **Response:**

7.    Resurgent's complete collection file relating to Mr. Fremeau and/or the account.

      **Response:**

8.    Any tape recording and/or audio recording of any conversation between Mr. Fremeau and
      any representative of Resurgent.

      **Response:**

9.    Any transcription of any tape recording and/or audio recording of any conversation
      between Mr. Fremeau and any representative of Resurgent

      **Response:**

10    Any tape recording and/or audio recording of any conversation relating to Mr. Fremeau
      and/or the account and involving any representative of Resurgent.

      **Response:**

11.   Any transcription of any tape recording and/or audio recording of any conversation relating
      to Mr. Fremeau and/or the account and involving any representative of Resurgent.

**Response:**

12.     Any computer notes regarding Mr Fremeau, the account, and any collection file for Mr. Fremeau and/or the account:

**Response:**

13.     Any document or documents reflecting any note or notes taken by any employee of Resurgent regarding any telephone conversation between Mr Fremeau and any representative of Resurgent.

**Response:**

14.     Any document or documents reflecting any note or notes taken by any representative of Resurgent regarding any telephone conversation relating to Mr. Fremeau and/or the account.

**Response:**

15      Any documents received by Resurgent in response to a subpoena issued in this action.

**Response:**

16      All employee manuals, employee handbooks, policy statements, bulletins, and any documents setting forth Resurgent's policies and procedures for complying with the federal Fair Debt Collection Practices Act and/or any other law that Resurgent intends to or may rely upon in defending against Mr Fremeau's claims.

**Response:**

END REQUEST FOR PRODUCTION OF DOCUMENTS

Dated: August 13, 2020                     Respectfully submitted,

                                           **JEFFREY K. FREMEAU**

                                           By____/s/ Drew D. Sarrett_____
                                                       Counsel

9

Drew D. Sarrett (VSB No 81658)
Ian E. Vance (VSB No. 88062)
The Sarrett Law Firm, PLLC
8100 Three Chopt Road, Suite 203
Richmond, Virginia 23229
Phone. (804) 303-1951
Fax· (804) 250-6005
E-mail: drew@sarrettlawfirm.com
E-mail: ian@sarrettlawfirm.com
*Counsel for Plaintiff(s)*





CERTIFIED MAIL

7020 0090 0001 7548 8265



US POSTAGE》PITNA

ZIP 23219  $ 009.0
02 4H
0000357781 AUG 27 20

**First Class Mail**

The Sarrett Law Firm
8100 Three Chopt Road
Suite 203
Richmond, VA 23229

LVNV Funding LLC
55 BEATTIE PLACE, Suite 110
GREENVILLE SC 29601-5115

RECEIVED

AUG 31 2020








